IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHRYN YOUKER and RABIA MAZHARY | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: ) |
| ROBERT G. STRNAD, M.D. LTD, a corporation, and ROBERT STRNAD, M.D., an individual, and DEBBIE STRNAD | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiffs Kathryn Youker ("Kathryn") and Rabia Mazhary ("Rabia"), by and through their attorneys Robin Potter & Associates and The Fish Law Firm, P.C. and for their Complaint against Defendants Robert G. Strnad, M.D. Ltd ("Strnad Ltd") and Robert Strnad, M.D. ("Robert Strnad") and Debbie Strnad ("Debbie Strnad") (collectively, hereinafter "Defendants,") state as follows:

### SUMMARY OF THE CASE

1. This civil action is brought by the above-named plaintiffs who seek redress for the violations of their rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") Plaintiffs also bring claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* and Kathryn brings claims under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendants.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c).

## PARTIES

4. Kathryn and Rabia are both individuals who reside in the state of Illinois and within this Judicial District.

5. Defendants Robert G. Strnad, M.D. Ltd. is an Illinois corporation operated within this Judicial District and holds itself out as a medical practice.

6. Robert G. Strnad is an individual who resides in the state of Illinois and within this Judicial District. He controls all aspects Robert G. Strnad, M.D. Ltd.'s operations and, upon information and belief, is its sole owner.

7. Debbie Strnad is an individual who resides in the state of Illinois and within this Judicial District. She oversaw, directed, and assisted in the control of the payroll practices that are the subject of the overtime claims herein.

8. At all material times hereto, each of the Defendants were Plaintiffs' "employer" as defined in the FLSA, 29 U.S.C. § 203(d), the IMWL, and IWPCA.

9. At all material times hereto, Plaintiffs were employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, and IWPCA.

## FACTS

10. At all relevant times, the Plaintiffs worked as employees for Strnad Ltd.

11. Both Kathryn and Rabia began working for the Defendants in late 2014 and until their employment was terminated in February 2016.

12. Rabia earned approximately $19 per hour when employed by the Defendants.

13. Kathryn initially earned $15 per hour and then received a raise in December 2014 to $16 per hour while employed by Defendants.

14. Rabia and Kathryn scheduled appointments, assisted with patient care, performed data entry, assisted with billing and insurance and performed other non-exempt duties.

15. Plaintiffs worked substantial amounts of overtime. However, they were not getting paid over time for those hours where they worked in excess of 40 hours in a work-week. For example, beginning shortly after they began and continued for the first six months of employment, the Plaintiffs worked in excess of 40 hours per week during almost every week and were not paid overtime. Examples of weeks in which the Plaintiffs worked overtime include the weeks of 12/1/2014, 12/8/2014, 3/16/15, and 4/16/15. They also were required to stay until after the office closed--sometimes even after all other personnel had left for the day.

16. The Defendants did not track the number of hours that the Plaintiffs worked. However, upon information and belief, the Defendants' computer will note the time that the Plaintiffs logged on and off and this information will be used to assist in an estimate of the reasonable number of overtime hours.

17. Plaintiffs performed their job responsibilities for Defendants in the State of Illinois.

18. The Plaintiffs were not exempt from the overtime provisions of the FLSA or the IMWL.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

19. The Plaintiffs re-allege and incorporate by reference all of the above allegations.

20. Under the FLSA, Plaintiffs were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each workweek.

21. The Defendants failed to pay the Plaintiffs for their overtime hours worked in excess of 40 in a work week.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs' Rabia Mazhary and Kathryn Youker demand judgment against the Defendants for a sum that will properly, adequately, and completely compensate them for the nature, extent, and duration of their damages, for an Order declaring that Defendants willfully violated the overtime provisions of the FLSA, for liquidated damages equal to Plaintiffs unpaid overtime compensation under the FLSA, reasonable attorneys' fees as well as the costs of this action; and such other further relief as this Court deems necessary and proper.

### COUNT II
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW– OVERTIME

22. Plaintiffs hereby allege and incorporate Paragraph 1 through 21 of this Complaint, as is fully set forth herein.

23. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

24. Under the IMWL, Defendants were and remain obligated to compensate Plaintiffs for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

25. Plaintiffs were regularly permitted, encouraged and/or required to work in excess of 40 hours per week but were not compensated for such overtime work.

26. By failing to pay overtime compensation due to, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees.

27. As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiffs have been damaged in that they have not received wages due to them pursuant to the IMWL.

28. Defendants have made it difficult to account with precision for the unpaid overtime worked by Plaintiffs during the liability period because they did not make, keep and preserve records of all hours worked by Plaintiffs

WHEREFORE, Plaintiffs pray for a judgment against Defendants for all relief available to them under the law, including statutory interest of 2% per month and reasonably attorney fees.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## (Kathyrn Only)

29. Plaintiff hereby alleges and incorporates Paragraph 1 through 28 of this Complaint, as is fully set forth herein.

30. During the time that Kathryn was employed, she accrued and earned vacation time. At the time of her termination, she had earned 10 vacation days.

31. 820 ILCS §115/5 provides that "Whenever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned in accordance with such contract of employment

or employment policy, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation."

31. The Defendants have failed to pay Kathryn her vacation days and instead withheld it in violation of the law.

32. 820 ILCS 115/14 provides the Plaintiff with statutory damages of 2% per month for when payments were not made and costs and all reasonable attorney's fees.

WHEREFORE, Kathryn prays for a judgment against for all relief available under the law, including lost wages, interest, and reasonable attorney fees.

Plaintiffs demand a trial by jury.

Dated June 27, 2016

Respectfully Submitted,
KATHRYN YOUKER
and RABIA MAZHARY

____/s/ David Fish_____
One of Their Attorneys


Robin Potter
M. Nieves Bolanos
Robin Potter & Associates
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 861-1800

David J. Fish
Kimberly Hilton
THE FISH LAW FIRM, PC
200 E 5th Ave Suite 123
Naperville, IL 60563
(630) 355-7590